IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2007 JAN 17 P 3:49

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| FLOYD MARSHALL, | * |
| Plaintiff, | * |
| vs. | * CASE NUMBER: 3:07CV56-WKW |
| RANDALL KRAIG BOBO; And PRECISION MOVERS, INC.; | * |
| Defendants. | * |

## ANSWER TO COMPLAINT

COME NOW the Defendants in this case, by and through the undersigned attorney, and for answer to the Complaint say as follows:

1. These Defendants admit paragraphs 1 - 5 of the Complaint, with the exception that jurisdiction and venue should now exist in the Middle District of Alabama, Eastern Division.

2. These Defendants deny paragraph 6 of the Complaint.

3. These Defendants deny paragraph 7 of the Complaint.

4. These Defendants admit paragraph 8 of the Complaint.

5. These Defendants deny paragraph 9 of the Complaint.

6. These Defendants deny paragraph 10 of the Complaint.

7. These Defendants deny paragraph 11 of the Complaint.

8. These Defendants deny all material allegations of the claim for relief set forth in paragraphs 13-14 of the Complaint, and demand strict proof thereof.

9. These Defendants deny all material allegations of the claim for relief set forth in paragraphs 15-16 of the Complaint, and demand strict proof thereof.

10. These Defendants deny all material allegations of the claim for relief set forth in paragraphs 17-18 of the Complaint, and demand strict proof thereof.

11. These Defendants deny the entirety of the claim for damages as set forth in paragraphs 19-24 of the Complaint, and demand strict proof thereof.

12. These Defendants affirmatively aver that Plaintiff may have negligently contributed to cause this accident, and Plaintiff would be barred from recovery by contributory negligence.

13. These Defendants affirmatively aver unexpected mechanical defect upon which liability cannot be imposed as a matter of law.

14. These Defendants affirmatively aver sudden emergency not attributable to them.

15. These Defendants affirmatively aver that Plaintiff was illegally operating his vehicle at the time of the accident, and should be barred from recovery accordingly.

16. These Defendants affirmatively aver assumption of the risk by the Plaintiff.

17. These Defendants affirmatively aver set-off for all monies received by or available to the Plaintiff as a direct or indirect result of the accident in question.

18. These Defendants affirmatively aver collateral sources applicable to this claim.

19. These Defendants affirmatively aver lack of mitigation of damages.

20. These Defendants plead the general issue.

21. These Defendants reserve the right to supplement this answer as discovery progresses in this case.

_____
ALEX L. HOLTSFORD, JR. (HOL048)
Attorney For Defendants

OF COUNSEL:
NIX HOLTSFORD GILLILAND
  HIGGINS & HITSON, P. C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day mailed, postage prepaid, an exact copy of the foregoing document to:

Dustin T. Brown
Attorney For Plaintiff
DAUGHTERY, CRAWFORD, FULLER
  & BROWN, LLP
Post Office Box 1118
Columbus, Georgia 31902

This the 17th day of January, 2007.

_____
OF COUNSEL